19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen Wayne THOMPSON, Plaintiff-Appellant,
and
Mitchell Wayne THOMPSON and Sally Thompson, Plaintiffs,
v.
CHRISTIAN FIDELITY LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-5109.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK, BARRETT, and McKAY, C.J.
 
 
 2
 BARRETT.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Stephen Wayne Thompson appeals from the district court's dismissal of him as one of the plaintiffs in a bad faith action brought by Stephen and his parents against defendant Christian Fidelity Life Insurance Company. We have jurisdiction under 28 U.S.C. 1291.
 
 
 5
 This case stems from a dispute over coverage under a health insurance policy issued to Stephen's father, Mitchell Wayne Thompson, that provided dependent coverage to Stephen and his mother, Sally Thompson. While Stephen was attending school in Dallas, Texas, he fell from a second floor balcony and injured his head. He was hospitalized in Dallas for ten days and incurred considerable medical expenses. After being released from the hospital, he returned to his parents' home in Oklahoma and incurred additional medical expenses, most of which were paid by his parents. The Thompsons sought coverage for Stephen's medical expenses under the health insurance policy, but for reasons not apparent in the record, Christian Fidelity initially denied coverage.
 
 
 6
 The Thompsons then filed this action for breach of contract and bad faith denial of insurance coverage. Mitchell, Sally, and Stephen were all named as plaintiffs. In the bad faith claim, they each sought $250,000 for mental and emotional distress and $1,000,000 in punitive damages. Prior to answering, Christian Fidelity tendered full benefits under the policy to the Thompsons, and they accepted the offer as full settlement of the breach of contract claim. That left the bad faith claim to be tried.
 
 
 7
 Christian Fidelity moved to dismiss Mitchell and Sally as plaintiffs on the basis that they did not have standing to sue. It contended that because Stephen was an adult insured dependent at the time of the accident (he was twenty years old), only he was responsible for the medical expenses he incurred, and Christian Fidelity owed its duty of good faith and fair dealing regarding this claim only to Stephen. Alternatively, Christian Fidelity requested that the standing question be certified to the Oklahoma Supreme Court. Though the Thompsons' response is not part of the record on appeal, they apparently argued that Mitchell and Sally were proper plaintiffs under several theories. After denying the request for certification, the district court determined that Mitchell but not Sally had standing to sue. The court therefore dismissed Sally as a plaintiff.
 
 
 8
 The motion to dismiss implicitly advanced Christian Fidelity's contention that Stephen had standing to sue, and the court's written order indicated he had standing. However, just prior to jury voir dire, the court sua sponte raised the issue of Stephen's standing. After acknowledging its earlier ruling to the effect that both Mitchell and Stephen had standing, the court stated:
 
 
 9
 The more I study it, I'm convinced of one thing. Some individual under these facts has a cause of action here. Some individual. Not two. One. And the question is, is that Stephen Wayne Thompson or is that Mitchell Wayne Thompson?
 
 
 10
 Appellant's App. at 71. The court noted that Stephen was an insured individual under the policy and that the policy indicated that benefits were payable for expenses incurred by insured individuals. After the court stated that this policy provision led it to believe that Stephen was the one with standing, it asked the parties for their comments on the issue.
 
 
 11
 Christian Fidelity maintained, as it had earlier in its motion to dismiss, that Stephen was the proper plaintiff, and agreed with the court's interpretation of the policy. However, the lawyer representing the Thompsons contended that policy language requiring payments of claims be made to the "employee," who in this case was Mitchell,[2] meant Mitchell was a proper plaintiff. During this discussion, the Thompsons' lawyer did not argue that both Stephen and Mitchell had standing or otherwise argue in favor of Stephen's standing. He contended only that Mitchell had standing, and the court agreed.
 
 
 12
 The case thus proceeded to trial with only Mitchell as plaintiff. The jury returned a verdict in Mitchell's favor and awarded him $75,000 in actual damages and $25,000 in punitive damages.
 
 
 13
 Stephen then timely filed this appeal.[3] (Christian Fidelity did not cross-appeal.) He contends that the district court erred in concluding there could be only one plaintiff in this action and in dismissing him. He argues that he has standing under Oklahoma law either as an insured individual under the policy or as a third-party beneficiary of the policy. He also contends that Christian Fidelity waived any defense it may have had to a suit by Stephen because it originally took the position that only he had standing.
 
 
 14
 Christian Fidelity of course argues vigorously in opposition on the merits, though it now must take the position opposite to that which it took prior to trial. In addition, Christian Fidelity points out that Stephen failed to object to the district court's determinations that only one party had standing to sue and that Stephen should be dismissed. As a result, Stephen either waived or abandoned his appeal rights entirely, or his appeal can be reviewed only for plain error due to the failure to object as required by Fed.R.Civ.P. 46.
 
 
 15
 Stephen responds to this argument by contending that at the hearing his lawyer did nothing to abandon or waive his claim for damages. He contends that his lawyer's argument that Mitchell had standing was not meant to suggest that Stephen did not have standing despite the lawyer's silence with respect to Stephen's standing. He further contends that he did not need to object to the district court's ruling to preserve his appeal rights because the court was well aware of his position and that any objection would therefore be futile. He also argues that because the "matter had been fully briefed and argued, and the Court made a definitive pre-trial ruling which was not made conditionally or with the suggestion that the matter would be reconsidered," Appellant's Reply Br. at 10, requiring him to object would elevate form over substance.
 
 
 16
 We agree with Christian Fidelity that Stephen has failed to preserve his right to appeal but for slightly different reasons. He did fail to object to the district court's determinations regarding standing. But even more glaringly, he invited the precise error of which he now complains, and his arguments on appeal are disingenuous and mischaracterize the record. Given the opportunity to argue for Stephen's standing, his lawyer chose to argue for Mitchell's. The question of Stephen's standing had not been "fully briefed and argued;" only his parents' standing had previously been addressed. After explaining its tentative reasons for concluding Stephen was the one with standing, the court said, "Now that I've said that, [does] either counsel have any comment on that subject?" Appellant's App. at 72. Far from making a "definitive pre-trial ruling" not subject to further discussion, the court actively sought the parties' help in resolving the standing question. Yet the only "help" Stephen's lawyer offered was his argument for Mitchell's standing. Nowhere in the transcript of the hearing is there even a hint of an argument from Stephen's lawyer that Stephen or both Stephen and Mitchell had standing.
 
 
 17
 Where, as here, a party invites the alleged error, we will not consider that error on appeal. Hokansen v. United States, 868 F.2d 372, 378 (10th Cir.1989). Stephen's dismissal is not even subject to plain error analysis. See Aves ex rel. Aves v. Shah, 997 F.2d 762, 766 (10th Cir.1993) (declining to review for plain error because party offering jury instruction "cannot on appeal suggest that the trial court erred and should have saved her from her own mistake"). The alleged error resulted from Stephen's and Mitchell's conflicting interests on the standing issue. Their common lawyer dealt with that issue by siding with Mitchell. Stephen does not have a claim of error reviewable by this court.
 
 
 18
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Christian Fidelity's motion to dismiss is DENIED.
 
 Entered for the Court
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The policy is a group policy issued to the Northern Missouri District Counsel of the Assemblies of God. Mitchell is an Assembly of God minister
 
 
 [3]
 Christian Fidelity moved to dismiss this appeal contending that this court lacked jurisdiction because the judgment awarded to Mitchell Thompson in this case was "fully satisfied and released on May 18, 1993." We do not see, nor does Christian Fidelity attempt to explain, how this affects Stephen's right to appeal his dismissal. Stephen's notice of appeal was timely. Christian Fidelity's motion to dismiss is therefore denied